[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief The plaintiff, Lawrence T. Burke, and the defendant, Adrienne D. Burke, whose maiden name was D'Ambrosi, married on November 20, 1971, in Baltimore, Maryland. The plaintiff has resided continuously in the State of Connecticut for at least one year next preceding the date of the complaint; therefore, this court has jurisdiction. There are two children issue of the marriage, both of whom have reached the age of majority. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 47 years old and is in fair health. He is a college graduate. He is a senior vice-president and a human resources manager for a subsidiary of the Bank of New York. At the time of trial, his salary was $110,000 gross per year, or $2,115 gross, $1,357, net[1], per week. In addition to his salary, the plaintiff for the past several years received bonuses, including a bonus of $85,000 in 1997. At the time of trial in October, 1998, he was "in line" for a bonus, again, that year.
The defendant is also 47 years old, and in fair health. She is employed as a public school teacher in the City of Norwalk. The defendant earns approximately $67,250 gross, per year, or $1,293 gross, $958 net[2], per week.
The parties married in 1971. They separated in early 1996, following which they attempted a reconciliation. They subsequently separated again and are living apart. The marriage of the parties has broken down irretrievably. The defendant points to an extramarital relationship of the plaintiff and his drinking as the causes of the breakdown. While it is not likely that the affair was the cause, the court finds that excessive drinking by the plaintiff was the cause of the breakdown. CT Page 1633 Therefore, the plaintiff bears responsibility for the failure of the marriage.
This court has considered all of the evidence and the statutes made and provided for the dissolution of marriage in Chapter 815j of the General Statutes, including but not limited to C.G.S. §§ 46b-62, 81 and 82, and hereby enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The plaintiff shall pay to the defendant as and for periodic alimony, the following:
 (a) "Base alimony" in the sum of $1,500 per month, payable in equal installments of $750 on the first and fifteenth of each month, in advance; and
 (b) "Excess" alimony of one third of the gross amount of any bonus or like non-salaried compensation, which "excess" alimony shall be due and payable to the defendant within thirty days of plaintiff's receipt of same. Said base and excess alimony shall be payable until the earliest of the happenings of any of the following events: the plaintiff's death, the defendant's death, the defendant's remarriage, or the defendant's cohabitation within the meaning of C.G.S.A. § 46b-86(b). A contingent wage withholding shall enter to secure the plaintiff's alimony obligation.
(3) The plaintiff shall transfer to the defendant all of his right, title and interest in and to the marital home at 5 Old Rock Court, in Norwalk. Upon said transfer, the defendant shall be responsible for all mortgages and debt against said property, and shall indemnify and hold harmless the plaintiff from any liability for the same.
(4) The defendant shall have and retain the furnishings of the marital home, except for the personal papers and effects of the plaintiff, which he shall have and retain. In the event of a dispute or disagreement concerning this provision of the decree, the parties shall be referred to Family Services for mediation. CT Page 1634
(5) The plaintiff shall have and retain the Fleet Bank checking account, the Charles Schwab Company money market account, and the 401(K) account listed on his financial affidavit.
(6) The defendant shall have and retain the United of Norwalk, Credit Union and First Union checking accounts, and the State of Connecticut Teachers Retirement System Pension listed on her financial affidavit.
(7) The plaintiff shall have and retain any right, title, and interest to the "ESI Stock" listed on the defendant's financial affidavit.
(8) The plaintiff shall pay to the defendant the sum of $40,000 as a lump sum property distribution.
(9) The plaintiff shall have and retain the Toyota truck automobile, and the defendant shall have and retain the Toyota Camry automobile.
(10) The plaintiff shall continue to maintain in full force and effect the Lincoln National life insurance policy for so long as the same remains available through his employment, at reasonable cost and expense, and shall name the defendant as the beneficiary thereof for so long as he has any alimony obligation to the defendant. Further, at her election, the defendant may avail herself of any right she may have to receive medical insurance benefits under the plaintiff's policy, at her cost and expense.
(11) Except or to the extent as set forth above, each party shall retain all assets and shall be responsible for any liabilities listed on their respective financial affidavits.
(12) Except or to the extent as set forth above, all orders shall be effectuated no later than thirty days from the date hereof.
(13) Each party shall be responsible for their own counsel fees.
(14) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
___________________________ KAVANEWSKY, J. CT Page 1635